# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE A. CRUZ, JR., | ) | CASE NO. 4:19CV2508 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF | ) | OPINION AND ORDER |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Plaintiff's Objections (Doc. 16) to the Magistrate Judge's Report and Recommendation (Doc. 15), which recommended the Court affirm the decision to deny Plaintiff's claim for disability insurance benefits ("DIB"). For the following reasons, the Court **ADOPTS** the Report and Recommendation and **AFFIRMS** the Commissioner's decision.

## I. BACKGROUND FACTS

The following is a procedural synopsis of Plaintiff's claim. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts. For a complete overview of Plaintiff's medical history, see the Magistrate Judge's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to Plaintiff's claim.

The current matter involves Plaintiff's claim for DIB in October of 2016, alleging a disability onset date of October 14, 2015. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was granted. The ALJ held a hearing on August 3, 2018. Both Plaintiff

and a neutral vocational expert testified at the hearing. On September 14, 2018, the ALJ concluded that Plaintiff was not disabled. The Appeals Counsel denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner.

On October 27, 2019, Plaintiff timely filed the instant Complaint challenging the Commissioner's final decision. (Doc. 1). On September 15, 2020, the Magistrate Judge issued his Report and Recommendation. (Doc. 15). On September 29, 2020, Plaintiff timely objected to the Report and Recommendation. (Doc. 16). Defendant filed a brief response shortly thereafter. (Doc. 17).

## II. LAW & ANALYSIS

### A. Standard of Review

When reviewing a magistrate judge's report and recommendation, a court makes a *de novo* determination regarding the portions to which there are objections. 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision however, the district court's review is not *de novo*. *Norman v. Astrue*, 694 F. Supp. 2d 738, 740 (N.D. Ohio 2010). Instead, a district court determines whether the Commissioner applied the proper legal standards and whether substantial evidence supports the Commissioner's findings. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

'Substantial evidence' has been defined as "more than a mere scintilla" of evidence, *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003), but less than a preponderance of the evidence, *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Thus, if the record evidence is of such nature that a "reasonable mind might

accept it as adequate to support" the Commissioner's conclusion, then the determination must be affirmed. *Wright*, 321 F.3d at 614. If such evidence exists, the district court should defer to the Commissioner's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

A district court's role "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Rather, courts "focus on whether substantial evidence supports the Commissioner's decision[.]" *Id.* at 615.

**B.     The ALJ's Decision is Supported by Substantial Evidence**

The Magistrate Judge recommended that the Court affirm the ALJ's decision that discounted the medical opinion of Dr. Prabhudas Lakhani, a state examining physician. Plaintiff objects, claiming this decision was an error on both the Magistrate Judge's and ALJ's part. According to Plaintiff, Dr. Lakhani's decision was not based on subjective complaints but rather the doctor's examination. Furthermore, both the ALJ's and Magistrate Judge's cites to daily living examples do not counter Dr. Lakhani's opinions. Ultimately, Plaintiff views Dr. Lakhani as an unbiased medical expert who examined Plaintiff. Thus, his opinion should have been afforded more weight than the ALJ gave.

The Court agrees with the Magistrate Judge. There is no dispute that issues that would direct the determination or decision of disability are reserved for the Commissioner. 20 C.F.R. § 404.1527(d). This means that the Commissioner is not

required to find the claimant disabled simply because a medical source opined that a claimant is disabled or unable to work. *Id.* at § 404.1527(d)(1).

Typically,

> an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "non-examining source"), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "non-treating source").

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013) (citations omitted).

Opinions from non-treating and non-examining sources are never assessed for "controlling weight." *Id.*, 710 F.3d at 376. Instead, an ALJ weighs these opinions "based on the examining relationship (or lack thereof), specialization, consistency and supportability[.]" *Id.*; 20 C.F.R. § 404.1527(c). Finally, the Commissioner is not prohibited from adopting the findings of non-examining sources. *See generally*, *Ealy v. Comm'r Soc. Sec.*, 594 F.3d 504, 514-15 (6th Cir. 2010); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007).

Dr. Lakhani qualifies as a 'non-treating source' since he only examined Plaintiff once and had no ongoing relationship with him. Therefore, the ALJ was correct in not assessing Dr. Lakhani's opinion for controlling weight. In the one-time interaction, Dr. Lakhani interviewed and examined Plaintiff. Relevant here, Plaintiff described his low back pain as "constant and worse when sitting more than 30-60 minutes or walking 30 feet or standing more than 20 minutes." (Doc. 10, PageID: 481, Tr. 426). Dr. Lakhani's own findings noted restricted shoulder movements and lumbar flexion, as well as weak hip flexors. (*Id.*, PageID: 482, Tr. 427). This led Dr. Lakhani to conclude that Plaintiff

"most likely has degenerative joint disease of the knees, low back pain, [and] left shoulder pain." (*Id.*). Ultimately, Dr. Lakhani concluded "based on objective findings, Plaintiff is alert and oriented, and his concentration, hearing and speech is normal. Due to all these factors and his limitations on sitting, standing, and walking, he may not be a good candidate for any meaningful kind of work." (*Id.*) (cleaned up).

In reviewing Dr. Lakhani's examination and opinion, the ALJ concluded:

> I assign little weight to Dr. Lakhani's opinion. He observed, interacted with, and physically examined the claimant before providing his opinion. However, he opined that "Plaintiff may not be a good candidate for any meaningful kind of work." This is an issue reserved for the Commissioner. Also, he indicated that he eliminated all work due to the claimant's limitations on sitting, standing, and walking, which implies that he based his opinion partly on the claimant's statements to him and partly on the claimant's performance at the examination, which are both under the claimant's control. Additionally, the record shows that the claimant has admitted that he completes most of his activities of daily living, which include performing self-care tasks, cooking, and cleaning, as well as driving, going to the store with his son, watching DVDs with his children, and watching movies, which further undermines his opinion.

(*Id.*, PageID: 73, Tr. 18) (cleaned up).

The Court disagrees with Plaintiff and finds that the ALJ's conclusion is supported by substantial evidence. There is no dispute that Dr. Lakhani opined on the ultimate conclusion of disability here, which the ALJ was not required to adopt. Further, Dr. Lakhani's opinion, as a non-treating source, is not entitled to controlling weight.

Moreover, the ALJ's determination is supported by substantial evidence. Dr. Lakhani's conclusion—limitations on sitting, standing and walking—comes from Plaintiff's interview. Nowhere in Dr. Lakhani's objective examination does it reflect the

doctor's own findings or tests to support these limitations. Accordingly, reasonable minds may agree that Dr. Lakhani reached his opinion based on Plaintiff's belief of his own limitations, rather than Dr. Lakhani's own examination.

Finally, while the cites to daily living may not completely contradict Dr. Lakhani's opinion, they do contradict the blanket statement that Plaintiff "may not be a good candidate for any meaningful kind of work."

Ultimately, the Court agrees with the Magistrate Judge's well-reasoned Report and Recommendation. As the Magistrate Judge highlighted, the ALJ did find Plaintiff significantly limited in the RFC, which included sit and stand options, as well as other limitations. While Plaintiff believes the ALJ should have afforded Dr. Lakhani's opinion greater weight, the ALJ was not required to do so. Instead, the ALJ adequately explained his decision to afford the opinion little weight, and reasonable minds could agree with that decision. As such, the Court finds that substantial evidence supports the ALJ's decision.

### III. CONCLUSION

Based on the foregoing, the Court finds that the Plaintiff's Objections are without merit. Therefore, the Magistrate Judge's Report and Recommendation (Doc. 15) is **ADOPTED** and the Commissioner's denial of Plaintiff's claim is **AFFIRMED**.

**IT IS SO ORDERED.**

                                  s/ Christopher A. Boyko
                                  **CHRISTOPHER A. BOYKO**
                                  **Senior United States District Judge**

**Dated: March 26, 2021**